UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVANNY HERNANDEZ,<br><br>              Petitioner,<br><br>     v.<br><br>CHRISTIAN PFEIFFER,<br><br>              Respondent. | Case No. 1:20-cv-01235-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS THE CASE[1]<br><br>OBJECTIONS DUE IN TWENTY-ONE DAYS<br><br>(Doc. No. 11)<br><br>ORDER DIRECTING CLERK TO PROVIDE PETITIONER WITH CIVIL RIGHTS COMPLAINT FORM |

Petitioner Jovanny Hernandez ("Petitioner" or "Hernandez"), a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, which was docketed by the Clerk of Court on September 1, 2020.[2] (Doc. No. 1). In response, Respondent filed a motion to dismiss. (Doc. No. 11). Respondent seeks dismissal of the petition on two

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

[2] The Court generally applies the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the date the prisoner certifies he delivered it to prison authorities for forwarding to the clerk of court. *See Saffold v. Newland,* 250 F.3d 1262, 1265, 1268 (9th Cir.2000), *overruled on other grounds, Carey v. Saffold,* 536 U.S. 214 (2002). Here, Petitioner certifies that he delivered the petition to correctional officials for mailing on July 27, 2020. *See* Doc. No. 1 at 15.

grounds: (1) the petition fails to state a cognizable claim for which habeas relief can be granted because success on the petition will not affect the length or duration of Petitioner's confinement; and (2) the petition is otherwise untimely. (Doc. No. 11). After being afforded an extension of time, Petitioner filed a response to Respondent's motion. (Doc.14). Respondent, thereafter, filed a reply. (Doc. No. 15). Based upon a review of the pleadings, the record, and governing law the undersigned recommends Respondent's motion to dismiss be granted.

## I. BACKGROUND

Hernandez is serving an indeterminate 50 year to life sentence in state prison for his 2008 conviction of first-degree murder and personally discharging a firearm. (Doc. 1 at 1; Doc. No. 11-3 at 11). Although Hernandez is serving an indeterminate 50 year to life sentence, he is eligible for periodic youth offender parole suitability hearings. (Doc. No. 14 at 2). Hernandez claims his next parole hearing will occur in 2031, or possibly earlier. (*Id*.).

The petition challenges a June 22, 2018 prison disciplinary hearing decision that found Hernandez guilty of violating a prison rule for possession of a deadly weapon. (Doc. No. 1 at 5). Hernandez claims that the prison's disciplinary procedures violated his due process rights, resulting in a wrongful loss of 181 days of good time credit. (*Id*. at 15, 18). Hernandez filed an inmate appeal with the CDCR and obtained a third level appeal decision on November 6, 2018. (Doc. No. 1 at 44-45). Thereafter, Hernandez file a state petition for writ of habeas corpus in Kern County Superior Court, which although docketed on December 18, 2018, bore a mailing date of December 1, 2018. (Doc. 11-1 at 1, 118-19). On April 2, 2019, the Kern County Superior Court denied the state petition, finding some evidence to support petitioner's finding of guilt and no grounds for expungement of the disciplinary finding. (Doc. 11-2). On November 26, 2019, over seven months later, Hernandez filed a petition in the Fifth Appellate District Court of Appeals. (Doc. 11-3). The appellate court summarily denied relief, without explanation, on January 17, 2020. (Doc. 11-4). Hernandez filed his petition with the California Supreme Court on February 10, 2002, although it bore a certification of mailing date of January 31, 2020. (Doc. No. 11-5). The California Supreme Court denied the petition on June 10, 2020. (Doc. No. 11-6).

## II. STANDARD OF REVIEW

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition. R. Governing 2254 Cases 4. The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent." In *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989), the Ninth Circuit held that a motion to dismiss based on procedural default is proper in habeas proceedings. Since that time, the Ninth Circuit has affirmed cases where habeas petitions were dismissed on a respondent's motion to dismiss for untimeliness. *Orthel v. Yates*, 795 F.3d 935, 938 (9th Cir. 2015) (affirming district court's grant of respondent's motion to dismiss petition as untimely because petitioner "did not establish an exceptional circumstance that would warrant equitable tolling"); *Stancle v. Clay*, 692 F.3d 948, 951 (9th Cir. 2012) (same); *Velasquez v. Kirkland*, 639 F.3d 964, 966 (9th Cir. 2011). In doing so, the Ninth Circuit has explicitly relied on information supplied outside the pleadings and its attachments, such as medical records. *Orthel*, 795 F.3d at 940. The undersigned finds because the statute of limitation is a procedural bar, the Court may consider the documents submitted by Respondent for purposes of determining whether the petition is timely and whether Petitioner is entitled to equitable tolling. *Id*.

## III. APPLICABLE LAW AND ANALYSIS

### a. Failure to State a Cognizable Claim

"The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the claim. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). In contrast, if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," he may assert his claim only under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the

validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."). "[I]f a state prisoner's claim does not lie at 'the core of habeas corpus,' *Preiser*, 411 U.S. at 487, it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983, *Skinner*, 562 U.S. at 535 n.13." *Nettles*, 830 F.3d at 934.

According to the petition, both Hernandez and his cellmate were charged with possession of a deadly weapon in violation of prison rules. (Doc. No. 1 at 5). At Hernandez's cellmate's disciplinary hearing, the cellmate stated that the weapon was his and that Hernandez was not aware of the weapon. (*Id*.). The statement made by the cellmate about the weapon was not disclosed during Hernandez's hearing. (*Id*.). Hernandez was found guilty of possession of a deadly weapon and sanctioned with the loss of 181 days of good time credit. (*Id*. at 5, 20). Hernandez claims that his due process rights were violated because the prison officials failed to disclose the alleged exculpatory statement made by his cellmate during his hearing. (*Id*. at 5).

Respondent argues that Hernandez's claim is not cognizable under federal habeas review because the restoration of his good time credits would not necessarily lead to Hernandez's immediate or earlier release from confinement as required by *Nettles*. (Doc. No. 11 at 4-5). Respondent notes that because Hernandez has no fixed release date from prison, his release date is indeterminate. (*Id*. at 5). Respondent argues that there is no way to determine when, and even if, Hernandez will be released on parole. (*Id*.).

In his reply brief, Hernandez states that, as a youth offender, he is eligible for parole consideration in 2031. (Doc. No. 14 at 2). Just as in *Nettles*, Hernandez is serving an indeterminate sentence with the *possibility* of parole. *See Nettles*, 830 F.3d at 924 (emphasis added). And just as in *Nettles*, Hernandez argues that expungement of the rule violation will result in an earlier parole hearing date, and consequently an earlier release date. (Doc. No. 14 at 2). Hernandez also argues that expungement of the rule violation will lower his classification level and allow him to participate in certain programming that the parole board looks favorably upon. (*Id*.).

4

The Court disagrees with Hernandez and instead finds Respondent's contention that a restoration of Hernandez's good time credits would not *necessarily* guarantee his earlier release correct. The mere possibility that an inmate may get an earlier parole review hearing or may have a more favorable outcome from the parole hearing does not meet the *Nettles* "necessarily" requirement. *See Nettles*, 830 F.3d at 934-35 ("Success on the merits of Nettles's claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole."). This is so because, in addition to disciplinary infractions, the parole board considers a long list of other factors when determining whether an inmate is eligible for parole. *See* Cal. Code Regs. tit. 15, § 2402(b); *In re Vicks*, 56 Cal. 4th 274, 294-99 (2013) (discussing California's parole system and parole suitability factors). "Because the parole board has the authority to deny parole on the basis of any of the grounds" available to it, "the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." *Nettles*, 830 F.3d at 935; *see, e.g., Pettis v. Asuncion*, Case No. CV 16-4241 CBM(JC), 2017 U.S. Dist. LEXIS 33382, at \*5 (C.D. Cal. Jan. 26, 2017), adopted by 2017 U.S. Dist. LEXIS 33377, 2017 WL 923895 (C.D. Cal. Mar. 8, 2017) (explaining that even if petitioner were to have his disciplinary action expunged and his good time credits restored, these actions would not necessarily lead to his earlier release on parole); *Burton v. Adams*, No. 1:09-CV-00354-JLT HC, 2010 U.S. Dist. LEXIS 22960, at \*6-7 (E.D. Cal. Feb. 25, 2010) ("The fact that Petitioner may legally accrue credits that can be used in the calculation of his [minimum eligible parole date] has such an attenuated, remote, and speculative bearing upon the sentence that Petitioner may ultimately have to serve before being released on parole that the Court simply cannot predicate habeas jurisdiction upon it.").

Accordingly, it is indeterminable whether Hernandez will be released at his next parole hearing or whether he will be denied parole and continue serving his sentence. The restoration of the good time credits spelling Hernandez's earlier release is at most theoretical. Instead, Hernandez's release date is too attenuated, remote, and speculative to meet the *Nettles* requirement that any potential habeas relief must "necessarily" result in speedier release.

Accordingly, the Court finds that Hernandez's claim is not cognizable on federal habeas review and recommends that Respondent's motion to dismiss be granted.

Although the Court recommends that the petition be dismissed, this action does not preclude Hernandez from seeking relief in a 42 U.S.C. § 1983 civil rights claim if he so chooses, as contemplated by *Nettles*. *See Nettles*, 830 at 935. Under § 1983, a plaintiff is required to show "that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). Thus, to the extent that Hernandez contends that his due process rights were violated during the subject disciplinary hearing and as a result he is being denied access to certain programming to which he otherwise would be entitled, he may file a civil rights action to obtain either monetary and/or injunctive relief, if appropriate. Accordingly, the Court will direct the clerk of court to provide Hernandez with a blank prisoner civil rights complaint form.

### b. Timeliness of the Petition

In the alternative, Respondent submits that the petition is untimely. (Doc. No. 11 at 5-7). Specifically, Respondent argues that because Petitioner did not file his state appellate court habeas petition in a "reasonable" amount of time after the state superior court denied his habeas petition, as required by California law, he is barred from statutory tolling under AEDPA. (*Id*.).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioners seeking habeas relief under § 2254 must comply with a one-year statute of limitations. As a general rule, the one-year clock starts to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 42 U.S.C. § 2244(d)(1)(A).

Under § 2244(d)(1), the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." When a petitioner challenges the outcome of a prison disciplinary hearing, the one-year limitations period starts to run under 28 U.S.C. § 2244(d)(1) after the final administrative decision regarding the disciplinary hearing is issued by the prison. *Shelby v. Bartlett,* 391 F.3d 1061, 1063 (9th Cir. 2004). Here, the final administrative decision denying Hernandez relief in connection with his disciplinary hearing was issued on November 6, 2018. (Doc. No. 11-1 at 54-55). Thus, the limitations period began to run the next day, November 7, 2018, and expired November 7, 2019. Giving Petitioner the benefit of his July 27, 2020 date that he certified he placed the petition in the institutional mail, the instant federal petition would be untimely, absent statutory or equitable tolling.

Statutory tolling applies to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2). A judgment or claim is pending "until the application has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). Unlike most other states, California does not mandate fixed dates within which a petitioner is required to lodge an appeal. *Id* at 222. Instead, petitioners are required to file an original habeas petition and a subsequent appeal in each level of court (superior, appellate, and supreme) within a "reasonable" period. *Id.* at 221-22; *Robinson v. Lewis,* 9 Cal.5th 883, 897 (2020) ("There are no specific time limits for either filing the first [habeas] petition or filing subsequent petitions in a higher court. Instead, California courts employ a *reasonable*ness standard. The claim must generally be presented without substantial delay."). A petition is considered no longer "pending," and the petitioner is barred from AEDPA statutory tolling if an unreasonable amount of time elapsed between the filing of state court habeas petitions. *Saffold*, 536 U.S. at 221.

To determine whether a habeas claim was filed within a reasonable amount of time, California courts consider three factors. *Robinson,* 9 Cal.5th at 897. First, "a claim must be presented without *substantial delay.*" *Id*. (emphasis in original). "'Substantial delay is measured

7

from the time the petitioner or his or her counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim.'" *Id*. (quoting *In re Robbins*, 18 Cal. 4th 770, 780 (Cal. 1998). Second, if a petition was filed with substantial delay, a petition may yet be considered on the merits if the "petitioner can demonstrate *good cause* for the delay." *Id*. (emphasis in original). Third, a petition filed without good cause for substantial delay will be considered if it falls under one of four narrow exceptions. *Id*. Only three of the four exceptions are relevant to noncapital cases: (1) the "'error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner;'"(2) "'the petitioner is actually innocent of the crime or crimes of which he or she was convicted;'" and (3) "'the petitioner was convicted or sentenced under an invalid statute.'" *In re Reno*, 55 Cal. 4th 428, 460 (Cal. 2012) (quoting *Robbins*, 18 Cal. 4th at 780). Although the California Supreme Court has stated that six-months would normally be "unduly generous," the court has stated that a "safe harbor" of 120 days is "reasonable." *Robinson*, 9 Cal. 5th at 901.

Here, Hernandez filed his appeal in the state appellate court over seven months after the state superior court denied his petition. (Doc. No. 11-3). This seven-month delay is beyond the "unduly generous" period and well beyond the presumptive 120 reasonable time. *Id*. Hernandez neither shows good cause for the delay, *Robinson,* 9 Cal. 5th at 897, nor that his situation falls under one of the narrow exceptions that excuse a petitioner from demonstrating good cause for substantial delay. *Reno*, 55 Cal. 4th at 460.

In his reply brief, Hernandez argues that he did not become aware of his federal claim regarding his cellmate's statement until June 2019, thus causing the delay between the filing of his superior court habeas petition and his appellate court habeas petition. (Doc. No. 14 at 4). The pleadings dispute this claim. Hernandez filed an inmate appeal on July 8, 2018 in which he stated that "the statement and evidence provided by [the cellmate] show that appellate is innocent." (Doc. No. 11-1 at 50, 56-59). Hernandez states he attached a copy of his cellmate's "plea and statement" to that appeal, which included his cellmate's statement that the box cutter did not belong to Hernandez and Hernandez had no knowledge of the box cutter. (Doc. No. 1 at 19).

Moreover, in his second level of appeal sent for review on July 13, 2018, Hernandez stated that his cellmate admitted that he, Hernandez, "had no knowledge of the object." (Doc. No. 11-1 at 59; Doc. No. 11-3 at 73). Accordingly, Hernandez's contention that he did not become aware of his federal claim until June 2019 is implausible and contradicted by the pleadings.

Based upon the foregoing factual findings and binding precedent, the undersigned finds Hernandez's seven-month delay between filing his superior court and appellate court habeas petitions was unreasonable. This unreasonable delay bars Hernandez from statutory tolling. Accordingly, because the petition was filed beyond the one-year period set forth in AEDPA's statute of limitations, alternatively, the petition should be dismissed as untimely.[3]

## IV. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's

---

[3] The Court notes that equitable tolling may be granted to a petitioner under limited circumstances. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Other than arguing when he learned of the claim, Hernandez advances no other arguments in support of equitable tolling. Accordingly, the Court declines to analyze whether equitable tolling applies in this case.

9

conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is **ORDERD**:

The Clerk of Court shall provide petitioner with a prisoner civil rights complaint form.

It is further **RECOMMENDED**:

1. Respondent's motion to dismiss (Doc. No. 11) be **GRANTED**.

2. The petition (Doc. No. 1) be **DISMISSED**.

3. Petitioner be denied a certificate of appealability.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: June 28, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE